An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCIAL M. PEREZ, IV,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65221

FILED

DEC 19 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of one count of battery with the use of a deadly weapon, two counts of assault with the use of a deadly weapon, and three counts of discharging a firearm out of a motor vehicle. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

*Prior collateral incident*

Appellant Marcial Perez, IV, claims that the district court's decisions to allow the State to cross-examine him on a collateral incident and to admit extrinsic evidence regarding that collateral incident were abuses of discretion. Perez asserts that his direct-examination testimony did not open the door to the State's questions about the collateral incident and the State failed to demonstrate that extrinsic evidence about this incident was admissible to show that he had a specific motive, bias, interest, or corruption to testify in a certain manner.

The State responds that it was entitled to cross-examine Perez regarding his prior interaction with the police because his conduct during that interaction was relevant to Perez's truthfulness. The State asserts

14-41452

that Perez testified on cross-examination that becoming a convicted felon would affect his employment as an electrician and general foreman in the union where he makes $43 an hour, result in the loss of his clearance for entering vaults and other high-security areas in casinos, and impact the custody of his child. The State argues that the fact that Perez lied to the police during the collateral incident was relevant to show that he will do anything to prevent a criminal conviction and to otherwise protect his job and his status as the primary custodian of his child.

"We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (internal quotation marks omitted).

Whenever a criminal defendant takes the witness stand, he becomes a witness and places his credibility at issue. *See* 2 *Wharton's Criminal Evidence* § 9:21 (15th ed. 1997). The State is permitted to impeach a defendant's credibility by inquiring into collateral matters on cross-examination "'with questions about specific acts as long as the impeachment pertains to truthfulness or untruthfulness and no extrinsic evidence is used.'" *Ford v. State*, 122 Nev. 796, 806, 138 P.3d 500, 507 (2006) (quoting *Collman v. State*, 116 Nev. 687, 703, 7 P.3d 426, 436 (2000)); *see* NRS 50.085(3). However, the collateral matter in this case does not plainly pertain to truthfulness. The fact that Perez told a police

officer that he had no reason to burglarize cars and later pleaded guilty to tampering with cars does not demonstrate he was untruthful because the crime that he denied and the crime that he admitted to are two different crimes. *See* NRS 200.060 (defining burglary); NRS 205.274 (defining tampering with cars). Therefore, we conclude that the district court abused its discretion by allowing the State to cross-examine Perez regarding this collateral matter.

The State also is not permitted to impeach a defendant with extrinsic evidence of collateral matters unless the "extrinsic evidence [is] relevant to prove [the defendant's] motive to testify in a certain way, *i.e.*, bias, interest, corruption or prejudice." *Lobato v. State*, 120 Nev. 512, 519, 96 P.3d 765, 770 (2004). Here, the collateral fact that Perez *may* have lied to a police officer during an unrelated investigation in another case does not demonstrate or even suggest that Perez had motive to testify in a certain manner in this case. Instead, it has the effect of improperly impeaching Perez's credibility by contradicting his cross-examination testimony. *See id.* ("NRS 50.085(3) limits the admissibility of extrinsic evidence for the purpose of attacking credibility based upon specific instances of conduct attributable to the witness. Unless in some way related to the case and admissible on other grounds, extrinsic prior bad act evidence is always collateral and therefore inadmissible to attack credibility."). Therefore, we conclude that the district court abused its discretion by allowing the State to present rebuttal evidence regarding this collateral matter.

*Harmless error analysis*

Perez claims that the error in admitting extrinsic evidence of the collateral incident was not harmless because the record plainly demonstrates that the district court and the parties believed that the admission of this evidence would likely have a strong influence on the jury's verdict. The State acknowledges that there is no dispute that the trial boiled down to credibility, but it argues that any error was harmless because Perez's story changed on numerous occasions, his testimony did not match the physical evidence, and his testimony did not support his theory of self-defense.

"A nonconstitutional error, such as the erroneous admission of evidence at issue here, is deemed harmless unless it had a substantial and injurious effect or influence in determining the jury's verdict." *Newman v. State*, 129 Nev. ___, ___, 298 P.3d 1171, 1181 (2013) (internal quotation marks omitted). The record on appeal—including the recordings of the 311 and 911 calls and Perez's police interview—demonstrates that this was a close case. As the jury's verdict hinged almost entirely upon its assessment of the witnesses' credibility, we cannot say that the district court's error was harmless.

*Motion for mistrial*

Perez claims that the district court erred by denying his motion for a mistrial after the State's rebuttal witness improperly testified that he had previously spoke with Perez while investigating "an auto burglary." However, we need not reach this issue because, as set forth

above, the introduction of improper impeachment evidence was not harmless and mandates reversing the judgment of conviction and remanding the case for a new trial.

Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Michelle Leavitt, District Judge
Justice Law Center
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]The fast track statement does not comply with the formatting requirements of NRAP 3C(h)(1) and NRAP 32(a)(4) because it is not paginated. We caution appellant's counsel that failure to comply with the applicable rules when filing briefs in this court may result in the imposition of sanctions. *See* NRAP 3C(n).